**WOODS, Acting Housing Expediter, v. COBLEIGH et al.**

**Civil Action No. 673.**

District Court, D. New Hampshire.
Dec. 31, 1947.

Robert J. Glennon, Rent Enforcement Atty., of Boston, Mass., for plaintiff.

Alvin A. Lucier, of Nashua, N. H., for defendants.

CONNOR, District Judge.

This is an action brought by the plaintiff as Acting Housing Expediter of the Office of Housing Expediter for treble damages and for injunctive relief pursuant to the provisions of Sections 205(e) and 205 (a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., hereinafter called the Act, and by virtue of the authority contained in Executive Order 9841, April 23, 1947 (12 F.R. 2645).

Jurisdiction is conferred by Section 205 (c) of the Act.

The defendants are Gerald F. Cobleigh, of Nashua, in the State and District of New Hampshire, and the Slawsby Real Estate Company, Inc., a corporation duly established under the laws of the State of New Hampshire and doing business in said Nashua. During the period set forth in this complaint the defendants have been and now are the owners of housing accommodations situated at 140, 140A, 142, 144, 146, and 148 Canal Street, in said Nashua, within the Manchester Defense-Rental Area, twenty-nine of which are the subject of this litigation.

It is alleged that the defendants have demanded and received rent from divers persons during the period from September 7, 1946, to March 12, 1947, for the use and occupancy of said premises in excess of the maximum rents established by the Rent Regulation for Housing (8 F.R. 7323), as amended, issued pursuant to Section 2(b) of the Act. The plaintiff bases his right to bring this action upon the ground that none of the tenants has instituted an action under Section 205(e) within thirty days of the occurrence of the claimed violations.

The plaintiff prays (1) for judgment for three times the amount of the alleged overcharges, and (2) that a mandatory injunction be ordered directing that restitution of claimed overcharges be made to the tenants and in event of such order, judgment for the plaintiff for twice the amount of the overcharges.

The defendants admit that they demanded and received from each of the tenants during the period from July 1 to July 25, 1946, for the use and occupancy of their respective apartments two dollars per week over and above the maximum legal rent which was in effect on June 30, 1946, and continued so to do until restrained by order of this court dated March 12, 1947. They contend, however, that the increases were effected during the socalled holiday period, and having been validly made, are now exempt from the application of the Act. It is their further contention that Congress in enacting the Price Control Extension Act of 1946 could not thereby reestablish the regulations and directives which were in force on June 30, 1946; that the regulations having been promulgated in the first instance by the Administrator, an order by him was necessary for their reestablishment. Both issues having been considered in 75 F.Supp. 125, involving the same parties, with the facts substantially the same,

and resolved adversely to the defendants, no need appears to reexamine them.

 The defendants also raise the question of the constitutionality of the Act with particular regard to the applicability thereof after December 31, 1946, on which date by proclamation the President declared that hostilities had terminated (Proclamation 2714, Dec. 31, 1946, 12 F.R. 1). In urging this contention, the defendants overlook the fact that the proclamation contained a statement that "A state of war still exists." The exercise of the war power of Congress is not limited to a period when actual combat is in progress, but may be validly invoked so long as the emergency created by the war continues. In Hamilton v. Kentucky Distilleries Co., 251 U.S. 146, 161, 40 S.Ct. 106, 110, 64 L.Ed. 194, the court stated that the war power includes the power "to remedy the evils which have arisen from its rise and progress." "The cessation of hostilities does not necessarily end the war power. * * * Whatever may be the reach of that power, it is plainly adequate to deal with problems of law enforcement which arise during the period of hostilities but do not cease with them." Fleming v. Mohawk Co., 331 U.S. 111, 67 S.Ct. 1129, 1132.

The violations are clear, and there remains only the question of what relief, and the extent thereof, should be ordered under the prayer of the plaintiff. The evidence requires that an order of restitution to the overcharged tenants be made, and a further order of judgment in an amount which will constitute an adequate penalty on all of the considerations here presented. By the terms of the statute, it is within the discretion of the court upon proof of violation to allow multiple damages to be recovered in an amount not to exceed three times the overcharges, unless the party charged establishes that the violations were neither willful nor the result of the failure to take practicable precautions. While the defendants have invoked this proviso defense, it fails for want of proof.

By way of explanation and justification for their noncompliance, the defendants suggest that, they being of the opinion that their legal position was sound, it was their purpose to have their counsel confer with officials of the O.P.A. to discuss the application of the Act to their situation. The defendants appear to have unduly stressed the propriety and importance of a parley, overlooking the fact that their primary obligation was that of compliance. With the benefit of legal advice throughout, together with the fact that the individual defendant himself is a lawyer, their duty to comply is all the more apparent.

Early in this period a complaint had been brought charging violations of the same character, with a prayer for a restraining order and treble damages, which put the defendants on notice that their rental arrangement was challenged as unlawful. Thus apprised, it was their duty to do more than attempt to arrange a conference, which, though delayed by various obstacles, came to nothing when it finally materialized, and the plaintiff was forced to move for a restraining order to terminate the violations. However sincere their belief in the soundness of their legal ground, prudence and good faith dictated that they obey the mandate of the statute, leaving the questions of its application and its validity to be determined in the usual mode. They could have moved for an immediate trial in the case then pending and thereupon have obtained a judicial determination of the issues which they desired to raise. In the light of these facts, the defendants may not effectively contend that their course was not one knowingly and deliberately adopted and thus willful, and that practicable precautions were taken to avoid the violations.

 Although the course which was followed is untenable, it was neither covert nor deceitful, and this circumstance considered in conjunction with the fact that the overcharges are in a substantial amount would seem to warrant the imposition of a penalty less than the maximum permitted under the Act. An order directing that restitution be made to the tenants, and a further order awarding damages to the plaintiff in an amount equal to the overcharges will, in my opinion, penalize the defendants consistent with the objectives of the statute.

## Conclusions of Law.

1. The defendants did demand and receive rents in excess of the maximum rents during the period September 7, 1946, to March 12, 1947, in violation of the Act as alleged.

2. The defendants be ordered to make restitution to each of the tenants of the excess received above the maximum rents during the aforesaid period, less any arrearages.

3. The plaintiff is entitled to judgment on behalf of the United States against the defendants in the amount of $1514.

A judgment conformable to the foregoing will be entered.