Paul THOMSON and Deborah
Thomson, Plaintiffs,

v.

ABLE SUPPLY CO., et
al., Defendants.

No. EP–01–CA–432–DB.

United States District Court,
W.D. Texas,
El Paso Division.

Jan. 4, 2002.

Russell Louis Cook, Jr., Cook, Doyle & Bradshaw, L.L.P., Lynn Bradshaw, Bradshaw & Associates, Houston, TX, for Plaintiffs.

Lisa A. Powell, Jackson & Walker, L.L.P., Houston, TX, Kim Meaders, Amy Nettle, Church & Inabnett, Dallas, TX, Thomas Tardy, Forman, Perry, Watkins, Krutz & Tardy, Dallas, TX, James Mayer Harris, Jr., Harris, Lively & Duesler, Beaumont, TX, Gene M. Williams, Keith W. Foley, Mehaffy & Weber, Ernest W. Boyd, Beaumont, TX, Dawn M. Wright, Thompson & Knight L.L.P., Dallas, TX, Jill Weber, Bailey, Crowe & Kugler, Dallas, TX, Rachelle Hoffman Glazer, Thompson & Knight, LLP, Dallas, TX, Todd Neil Wade, Brown McCarroll & Oaks Hartline, Austin, TX, Jamshyd Zadeh, Bourland, Kirkman, Seidler & Evans, Fort Worth, TX, John Teague, Strasburger & Price, L.L.P., Houston, TX, Gail C. Jenkins, Jenkins Grove & Martin, Beaumont, TX, W. Miller Thomas, Fairchild, Price, Russell, Thomas & Haley, Center, TX, Kurt Christopher Kern, Hartline, Dacus, Dreyer & Kern, Dallas, TX, Veronica Hardeman, Hartline, Dacus, Dreyer & Kern, L.L.P., Dallas, TX, Gary D. Elliston, DeHay & Elliston, L.L.P., Dallas, TX, John W. Bridger, Strong, Pipkin, Nelson, Bissell & Ledyard, L.L.P., Houston, TX, John G. Bissell, Strong, Pipkin, Nelson, Bissell & Ledyard, L.L.P., Houston, TX, for Defendants.

### MEMORANDUM OPINION AND ORDER

BRIONES, District Judge.

On this day, the Court considered Plaintiffs Paul Thomson's and Deborah Thom-

son's "Emergency Motion to Remand, or in the Alternative, Motion for Abstention and Motion to Sever," filed in the above-captioned cause on December 4, 2001. Defendants did not file a Response.

## BACKGROUND

Plaintiffs commenced this cause in County Court at Law Number Three in El Paso County, Texas ("state court"), on December 21, 2000. Plaintiffs allege that Paul Thomson suffered personal injuries [1] that resulted from exposure to asbestos contained in products that Mr. Thomson worked with in his employment. Plaintiffs assert state law causes of action for negligence, breach of warranty, strict liability, and civil conspiracy against Defendants. Plaintiffs seek both actual and exemplary damages. On October 1, 2001, Defendant Federal Mogul Corporation ("Federal Mogul") filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. Thereafter, Defendants Ford Motor Company and General Motors Corporation (collectively, the "Removing Defendants") filed a Joint Notice of Removal on November 26, 2001, pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027 ("Rule 9027"), removing "that portion of the Action that asserts claims and causes of action from exposure to friction products asserted therein, including, but not limited to, all friction products claims asserted against the Removing Defendants (collectively the 'Re-

moved Claims')." The instant Motions followed.

Meanwhile, on November 20, 2001, the Removing Defendants filed a "Motion to Transfer Related Claims and Causes of Action" ("Motion to Transfer") in the United States District Court for the District of Delaware ("District of Delaware"). Thereafter, on December 10, 2001, the Removing Defendants filed a "Motion for Temporary Stay and Brief in Support" ("Motion for Temporary Stay"), asking this Court for a ninety-day stay pending a decision from the District of Delaware on their Motion to Transfer. Plaintiffs filed a Response on December 17, 2001, opposing the stay. In the interim, on December 10, 2001, United States District Judge Alfred M. Wolin, for the District of Delaware, entered an order (the "provisional transfer order") [2] pursuant to 28 U.S.C. § 157(b)(5),[3] provisionally transferring the removed claims against the Removing Defendants to that court. In light of Judge Wolin's provisional transfer order, the Court is of the opinion that the Motion for Temporary Stay should be denied as moot. The Court is further of the opinion that the remaining removed claims should be remanded to County Court at Law Number Three in El Paso County, Texas.

## AUTHORITIES

Under 28 U.S.C. § 1452(a), a party may remove a case that is related to a bankruptcy case to the federal district court in

---

1. In the instant Motion, Plaintiffs report that Mr. Thomson died on May 29, 2001.

2. The court's order is styled *"IN RE: FEDERAL MOGUL GLOBAL, INC., T & N LIMITED, et al., Debtors, Chapter 11 Case Nos. 01–10578, et al. ORDER: (1) PARTIALLY WITHDRAWING THE REFERENCE, and (2) PROVISIONALLY TRANSFERRING CERTAIN FRICTION PRODUCT CLAIMS."*

3. Title 28 U.S.C. § 157(b)(5) provides:

The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, *as determined by the district court in which the bankruptcy case is pending.* (emphasis added).

28 U.S.C.A. § 157(b)(5) (West 1993).

the district in which the underlying state cause of action is pending if that court has jurisdiction under 28 U.S.C. § 1334. Title 28 U.S.C. § 1334(b) confers jurisdiction on the district court over cases "arising under title 11, or arising in or related to cases under title 11."[4] "Related to" jurisdiction over a case arises under § 1334(b) when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir.1987) (adopting the standard stated by the United States Court of Appeals for the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984)); *see also Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 752 (5th Cir.1995). Alterations of the bankruptcy debtor's rights, liabilities, options, or freedom of action all qualify as effects that support "related to" jurisdiction. *In re Zale Corp.*, 62 F.3d at 752. Upon a timely motion by a party, however, a district court "*shall* abstain" from hearing a proceeding that is "related to a case under title 11 but not arising under title 11 or arising in a case under title 11," where the action could not have been commenced in federal court absent jurisdiction under § 1334, and the case can be timely adjudicated in state court. 28 U.S.C.A. § 1334(c)(2) (West Supp.2001) (emphasis added).

The Removing Defendants rely on Rule 9027 as the governing procedural provision for this Removal. Rule 9027(a)(1) requires the removing party to file its notice of removal with the clerk for the district and division within which is located the state court where the civil action is pending—in this case, the El Paso Division of the Western District of Texas. Rule 9027(a)(2) pro-

vides the time limits applicable to cases such as the instant case:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

## DISCUSSION

The Removing Defendants assert that the Court may properly exercise jurisdiction in this case because Defendant Federal Mogul filed a voluntary petition for bankruptcy relief under Chapter 11 of the United States Bankruptcy Code ("Bankruptcy Code"). Specifically, the Removing Defendants aver that the removed claims are related to Federal Mogul's bankruptcy proceedings, within the meaning of 28 U.S.C. § 1334. Plaintiffs, on the other hand, contend that the Court may not properly exercise jurisdiction, arguing that there are no claims sufficiently related to the Federal Mogul bankruptcy. The Court is of the opinion that the outcome of the instant case could conceivably affect the administration of the Federal Mogul bankruptcy estate and, therefore, the removed claims are sufficiently related to the bankruptcy proceeding to give rise to jurisdiction pursuant to 28 U.S.C. § 1334(b).

Having determined that jurisdiction is proper, the Court next considers whether, as Plaintiffs assert, it must abstain from

---

**4.** Title 11 regulates the administration of bankruptcy proceedings. *See* 11 U.S.C.A. §§ 101–1330 (West 1993 & Supp.2001).

presiding over the case pursuant to 28 U.S.C. § 1334(c)(2). Under 28 U.S.C. § 1334(c)(2), courts must abstain from hearing a state law claim if:

> (1) The claim has no independent basis for federal jurisdiction other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related to a case under title 11 but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court.

*Schuster v. Mims (In re Rupp & Bowman Co.)*, 109 F.3d 237, 239 (5th Cir.1997) (citations omitted); *see also* 28 U.S.C.A. § 1334(c)(2) (West Supp.2001). Here, all elements are met. The Removing Defendants assert no basis for jurisdiction aside from 28 U.S.C. § 1334(b) and the Court

discerns none; the removed claims are non-core matters;[5] and the action was commenced in state court on December 21, 2000, long before any matters were removed to this Court. Finally, the Court has no reason to think the removed claims could not be timely adjudicated in state court, especially considering that the Parties proceeded there for the first eleven months of the life of the case.

For the foregoing reasons, the Court is of the opinion that it must abstain from hearing the removed claims in accordance with the mandatory provisions of 28 U.S.C. 1334(c)(2) and remand the removed claims not subject to the provisional transfer order entered on December 10, 2001, in the District of Delaware. As a result, the Court need not reach Plaintiffs' remaining arguments or alternative requests.[6]

**5.** Title 28 U.S.C. § 157(b)(2) provides a non-exclusive list of those proceedings that are deemed to be core proceedings under the bankruptcy code. In their Notice of Removal, the Removing Defendants specify that further proceedings with respect to the removed claims are *not* core matters. Moreover, Defendants do not assert that these non-core matters are not subject to mandatory abstention under 28 U.S.C. § 157(b)(4), which excepts certain non-core proceedings from the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2). Because the Court agrees with the Removing Defendants that the removed claims are non-core matters, the Court treats them as such.

**6.** The Court, however, takes note of Plaintiffs' final argument that the Removal is untimely under 28 U.S.C. § 1446(b), the general removal statute, which provides in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed *within thirty days* after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

28 U.S.C.A. § 1446(b) (West 1994) (emphasis added). Federal Mogul filed its bankrupt-

cy petition on October 1, 2001, and the Removing Defendants filed the Joint Notice of Removal on November 26, 2001. The November 26 filing date clearly falls within the ninety-day period available under Rule 9027(a)(2), discussed *supra*. However, it may not meet the thirty-day period required by 28 U.S.C. § 1446(b). Neither party asserts a specific date on which the Removing Defendants received notice, by any means, of the bankruptcy petition. To meet the shorter thirty-day period under the general removal statute, however, the Removing Defendants would have to prove that they first received some document, through service or otherwise, alerting them to Federal Mogul's bankruptcy petition on or after October 27, 2001. In the absence of such proof, the Joint Notice of Removal may have been filed untimely pursuant to 28 U.S.C. § 1446(b).

The Court recognizes the potential conflict between the timeliness requirements of the general removal statute and those of Rule 9027(a)(2). Although the majority rule historically seems to favor the expanded time available in Rule 9027(a)(2), the Supreme Court's decision in *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) may turn the tide toward applying the stricter time limits under 28 U.S.C. § 1446(b) where there is a conflict with Rule 9027. Thomas B. Bennett, *Removal, Remand,*

Accordingly, **IT IS HEREBY OR-DERED** that Plaintiffs Paul Thomson's and Deborah Thomson's "Emergency Motion to Remand, or in the Alternative, Motion for Abstention and Motion to Sever" is **GRANTED** to the extent that Plaintiffs ask the Court to abstain from and remand the removed claims that are not subject to the provisional transfer order entered on December 10, 2001 in the District of Delaware.

**IT IS FURTHER ORDERED** that the removed claims not subject to the provisional transfer order entered on December 10, 2001 in the District of Delaware are **REMANDED** to the County Court at Law Number Three of El Paso County, Texas.

**IT IS FINALLY ORDERED** that all other pending motions before this Court are **DENIED AS MOOT.**

NOTES:

"Related to" jurisdiction over a case arises under § 1334(b) when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987) (adopting the standard as stated by the United States Court of Appeals for the Third Circuit in *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984)); *see also In re Zale Corp.,* 62 F.3d 746, 752 (5th Cir.1995). Alterations of the bankruptcy debtor's rights, liabilities, options, or freedom of action all qualify as effects that support "related to" jurisdiction. *In re Zale Corp.,* 62 F.3d at 752.

*and Abstention Related to Bankruptcies: Yet Another Litigation Quagmire!,* 27 Cumb. L.Rev. 1037, 1060 (1996–97) (explaining that "[t]he viability of those portions of [Rule 9027] that conflict with or expand removal time periods beyond those of 28 U.S.C. § 1446 is questionable after the Things Remembered, Inc. opinion."). In this case, because the Court has determined that abstention is mandatory pursuant to 28 U.S.C. 1334(c)(2), the Court need not make that determination.