United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40687
_____

VICTORIA PALMS RESORT INC.,

Plaintiff-Appellant,

versus

CITY OF DONNA, TEXAS,

Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of Texas, McAllen
No. 7:05-CV-287

Before JONES, Chief Judge, and JOLLY and STEWART, Circuit Judges.

EDITH H. JONES, Chief Judge:[*]

Appellee City of Donna, Texas ("City"), having spawned costly, time-consuming, and dubious procedural complexity in the extended course of litigation between these parties, moves to dismiss this appeal for lack of our appellate jurisdiction. We review de novo, and are constrained to agree for the following reasons.

The City contends that it timely removed a case against it filed by Victoria Palms into federal district court in the Southern District of Texas. Notably, when the City filed its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

removal petition, the litigation between the City and Victoria Palms was pending on appeal in the Texas state courts. Further, Victoria Palms contended that the City's removal was untimely under the federal removal statute. The district court, however, denied Victoria Palms's motion to remand.

After receiving briefing from the parties concerning the consequences of removal of a case pending on appeal in state court, the district court entered an order transferring the removed case to this court. For authority supporting its transfer, the district court cited <u>Meyerland Co. v. F.D.I.C.</u>, 848 S.W.2d 82, 83 (Tex. 1993), and <u>Granny Goose Foods v. Brotherhood of Teamsters & Auto Truck Drivers Local No.70 of Alameda County</u>, 415 U.S. 423, 94 S. Ct. 1113 (1974).

The district court's order has prompted further briefing in this court by both parties. Contrary to the district court's decision, Fifth Circuit case law allowing removal of state cases on appeal in state court applies only to removal of cases in which a specific federal statute, 12 U.S.C. § 1819 (b)(2), afforded particular removal jurisdiction to federal courts in cases under the Federal Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1819 <u>et</u> <u>seq</u>. <u>See</u> <u>F.D.I.C. v. Meyerland Co.</u>, 960 F.2d 512 (5th Cir. 1992) (en banc). <u>Meyerland</u> furnishes no support for the theory that this court can exercise jurisdiction over a case removed in an appellate posture from the state courts. For that matter, <u>Meyerland</u> furnishes no support for removal of <u>any</u>

non-FIRREA cases to federal district courts while still on appeal in the state court system. See id. at 515 n.5. The statute interpreted in Granny Goose Foods governs only the post-removal status of state court orders in federal courts. See 28 U.S.C. § 1450. That provision does not confer initial jurisdiction. This court lacks a basis for exercising either final judgment or interlocutory jurisdiction.

It is evident from the record that the City has contrived to confound and confuse the litigation in the state court system and now in this court. We trust the district court will try to prevent further erroneous manipulation of the litigation process, an effort that might commence with a reconsideration of the district court's order denying remand.

The district court's "Order of Transfer" to this court does not confer appellate jurisdiction. Motion to dismiss "appeal" GRANTED.

3