UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| *In re:* **DELTA PETROLEUM** **CORPORATION, et al.,** | § § § | Chapter 11 Lead Case No. 11-14006 United States Bankruptcy Court |
| Debtors. | § | District of Delaware |

| | | |
|---|---|---|
| **CASTLE TEXAS PRODUCTION L.P.,** | § § | |
| Plaintiff, | § | **ADVERSARY PROCEEDING** |
| Vs. | § § | **NO. 6:12-AP-6028** |
| **THE LONG TRUSTS,** | § § | |
| Defendants. | § § | |

MOTION TO ABSTAIN AND
REMAND TO THE TEXAS SUPREME COURT

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH OBJECTION. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS APPLICATION SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURTS WILL THEREAFTER SET A HEARING UNLESS IT DETERMINES THAT AN EVIDENTIARY HEARING IS NOT REQUIRED AND THAT THE COURT'S DECISION WOULD NOT BE SIGNIFICANTLY AIDED BY ORAL ARGUMENT. IF YOU FAIL TO APPEAR AT ANY SCHEDULED HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

TO THE HONORABLE BILL PARKER, UNITED STATES BANKRUPTCY JUDGE:

Larry T. Long, L. Allan Long, and B. Virginia Long, in their capacities as Trustees of the

Lawrence Allan Long Trust, the Charles Edward Long Trust, the Larry Thomas Long Trust, and

the John Stephen Long Trust d/b/a the Long Trusts ("Long Trusts") file this Motion to Abstain

and Remand to the Texas Supreme Court in response to the Notice of Removal (ECF No. 1; filed

11/29/2012) by John T. Young, Jr., in his capacity as trustee ("Recovery Trustee") of the Delta

Petroleum General Recovery Trust (the "Recovery Trust").

1.      This case is on appeal to the Texas Supreme Court, which had granted review in

August 2012.  The Recovery Trustee removed this case from the Texas Supreme Court less than

a week before it was set for oral argument.  This Court should remand:

a.      No authority supports removal of a case such as this while on appeal;

b.      Abstention is mandatory under 28 U.S.C. § 1334(c)(2);

c.      Under *Rooker-Feldman*, federal courts are precluded from exercising appellate
jurisdiction over final state court judgments – the Delaware bankruptcy court
cannot sit in review of the Texas state-court judgment in this case;

d.      Because the only issues involved in this case are questions of state law, which do
not stem from Castle's bankruptcy or depend on bankruptcy law, Article I
bankruptcy courts lack constitutional authority to enter final judgment in this
matter under *Stern v. Marshall*;

e.      The Recovery Trustee's removal nearly a year after Castle filed for bankruptcy
protection is untimely;

f.      Even if abstention were not mandatory and this Court (or the Delaware
bankruptcy court) could act in an appellate capacity, this Court should abstain on
permissive grounds and remand:

• After filing for bankruptcy protection, Castle affirmatively invoked the
Texas Supreme Court's jurisdiction and requested that it proceed with the
appeal;

• The Recovery Trustee waited more than eleven months after Castle's
bankruptcy, and more than three months after the Texas Supreme Court
granted the Long Trusts' petition for review and set oral argument, before
filing its notice of removal;

• Because this case was pending in the Texas Supreme Court, this Court
should remand in the interests of comity and respect for state law.

---

**MOTION TO ABSTAIN AND
REMAND TO TEXAS SUPREME COURT—PAGE 2**

## BACKGROUND

2.      This case was filed in 1996.  In the last seventeen years, this case has been before a Texas state trial court twice,[1] a Texas state court of appeals twice,[2] and—at the time of removal—was before the Texas Supreme Court.[3]  The case has also been the subject of two mandamus proceedings before a Texas state court of appeals.[4]  An abbreviated summary of this substantial procedural history is necessary context for this Motion to Remand.

3.      In 1996, the Long Trusts and Castle Texas Production L.P. ("Castle" or "Debtor") sued one another in Texas state court asserting state-law claims only.  In September 2001, a state trial court signed its first judgment awarding damages to each side.  Both sides appealed.

4.      In 2003, a Texas state court of appeals severed the Long Trusts' and Castle's claims from each other.  *Castle Tex. Prod. Ltd. P'ship v. The Long Trusts,* 134 S.W.3d 267, 289 (Tex. App.—Tyler 2003, pet. denied).  As to Castle's claims—which are the only claims at issue in this case—the court of appeals suggested and received remittiturs on the damages and attorneys' fee awards, reformed the judgment and affirmed as to those two awards and remanded Castle's cause to the trial court for further proceedings to recalculate the amount, if any, of prejudgment interest.  *Id.* at 288-89.  In a subsequent opinion clarifying its mandate, the court of appeals held the two severed cases could not be reconsolidated.  *Castle Texas Prod. Ltd. P'ship v. The Long Trusts*, 161 S.W.2d 673, 675 (Tex. App.—Tyler 2005, no pet.).

---

[1] 4th Judicial District Court, Rusk County, Texas, Cause No. 96-123; and after severance from the Long Trusts' claims after the first appeal, Cause No. 96-123A in the same trial court.

[2] *See Castle Tex. Prod. Ltd. P'ship v. The Long Trusts,* 134 S.W.3d 267 (Tex. App.—Tyler 2003, pet. denied); *Long v. Castle Tex. Prod. Ltd. P'ship,* 330 S.W.3d 749 (Tex. App.—Tyler 2010, pet. granted).

[3] *The Long Trusts v. Castle Tex. Prod. Ltd. P'ship,* No. 11-0161 (petition for review granted Aug. 17, 2012).

[4] *See In re Castle Tex. Prod. Ltd. P'ship,* 189 S.W.3d 400 (Tex. App.—Tyler 2006, orig. proceeding); *In re Castle Tex. Prod. Ltd. P'ship,* 157 S.W.3d 524 (Tex. App.—Tyler 2005, orig. proceeding).

**MOTION TO ABSTAIN AND**
**REMAND TO TEXAS SUPREME COURT—PAGE 3**

5.      From 2004 through 2009, the case was pending in the trial court.  Castle refused to try its prejudgment interest claim – twice filing petitions for writs of prohibition to prevent the trial of that claim – and, in 2009, Castle abandoned that claim. The trial court rendered a final judgment—but that judgment purported to compute *postjudgment* interest from the date of the original judgment more than seven years earlier.  The Long Trusts appealed.

6.      In 2010, a Texas state court of appeals affirmed that second judgment.  *Long v. Castle Tex. Prod. Ltd. P'ship,* 330 S.W.3d 749, 751 (Tex. App.—Tyler 2010, pet. granted).  The Long Trusts timely filed a petition for review with the Texas Supreme Court in May 2011.  In October 2011, the Texas Supreme Court requested the parties to brief the merits.

7.      While the parties were briefing the merits before the Texas Supreme Court, on December 16, 2011, Castle filed a voluntary petition for bankruptcy under Chapter 11 in the United States Bankruptcy Court for the District of Delaware—Case No. 11-14012 (later consolidated with related debtors under Lead Case No. 11-14006).   Shortly thereafter—on December 21, 2011—Castle filed a Notice of Bankruptcy with the Texas Supreme Court, and a Motion to Reinstate Case that requested the Texas Supreme Court to reinstate the case and continue its review.[5]  The parties thereafter completed merits briefing.

8.      On August 17, 2012, the Texas Supreme Court granted the Long Trusts' Petition for review and, at the same time, granted Castle's Motion to Reinstate Case.  The Texas Supreme Court set the case for oral argument on December 6, 2012 at 9:00 a.m.

---

[5] Texas Rule of Appellate Procedure 8 addresses "Bankruptcy in Civil Cases."  Rule 8.2 provides that a party's bankruptcy suspends the appeal "until the appellate court reinstates or severs the appeal."  Rule 8.3 permits a "Motion to Reinstate" and provides that "if a case has been suspended by a bankruptcy filing, a party may move that the appellate court reinstate the appeal if permitted by federal law or the bankruptcy court."  In its Motion to Reinstate, Castle argued that "because this proceeding is not an action against the debtor (Castle) within the language of 11 U.S.C. § 362, the automatic stay does not apply to this proceeding.  Accordingly, pursuant to Rule 8.3(a), reinstatement is permitted by federal law."

**MOTION TO ABSTAIN AND**
**REMAND TO TEXAS SUPREME COURT—PAGE 4**

9.      The only issue left in this case is a pure question of Texas state law: *When a court of appeals reverses a judgment but remands the cause because it cannot render judgment in light of unresolved fact issues essential to recovery of prejudgment interest, does postjudgment interest run from the date of the judgment rendered after remand or from the date of the original trial court judgment.*

10.     Confusingly, the Recovery Trustee writes: "Presently, the Long Trusts' original Petition, filed in April 1996, remains pending in the District Court.  The Long Trusts' entire case must be retried, including the original issue of liability."  (Notice of Removal at ¶ 17.)  The reference is to the separate case (consisting of the Long Trusts' claims against Castle) under separate Cause No. 96-123.[6]  (*See* Notice of Removal, Exhibit 1.)  This case (in which Castle has obtained a judgment against the Long Trusts) was severed and assigned a new number – Cause No. 96-123A.  (*See* Notice of Removal, Exhibit 2.)  Contrary to the Recovery Trustee's suggestion, nothing remains to be tried in *this* case; the appeal concerns a pure question of Texas state law.  Thus, the Recovery Trustee apparently seeks to have a Delaware bankruptcy court sit in review of a Texas state court of appeals judgment on a novel question of Texas law—the review of which already had been granted by the Texas Supreme Court.  No authorities suggest this is permissible. This Court should abstain and remand this case to the Texas Supreme Court to decide this novel and important issue of state law.

## ARGUMENT

### A.      **Mandatory Abstention Applies—Requires Remand to Texas Supreme Court**

28 U.S.C. § 1334 creates a jurisdictional rule of mandatory abstention in certain cases:

---

[6] The Recovery Trustee also removed Cause No. 96-123 to this Court, where it has been assigned Cause No. 6:12-AP-6029.

**MOTION TO ABSTAIN AND
REMAND TO TEXAS SUPREME COURT—PAGE 5**

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  "Accordingly, under this statute, courts **must** abstain from hearing a state law claim if the following requirements are met: (1) a motion has been timely filed requesting abstention; (2) the cause of action is essentially one that is premised on state law; (3) the claim is a non-core proceeding, i.e., it is 'related to' a case under title 11 but does not arise under or in a case under title 11; (4) the proceeding could not otherwise have been commenced in federal court absent federal jurisdiction under § 1334(b); (5) an action has been commenced in state court; and (6) the action could be adjudicated timely in state court." *J.T. Thorpe Co. v. Am. Motorists,* No. H-02-4598, 2003 WL 23323005, at *2 (S.D. Tex. June 9, 2003) (emphasis added) (citing *Schuster v. Mims (In re Rupp & Bowman Co.),* 109 F.3d 237, 239 (5th Cir. 1997)); *see also Thomson v. Able Supply Co.,* 179 F. Supp. 2d 693, 696 (W.D. Tex. 2002) (applying factors to find mandatory abstention required).

"[M]andatory abstention, if met, requires a district court to remand the case to state court." *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.,* 75 F. Supp. 2d 595, 613 (S.D. Tex. 1999); *see also J.T. Thorpe Co.,* 2003 WL 23323005 at *5 ("Accordingly, the Court finds that remand is the proper course of action when it must abstain from hearing an action that was removed from state court.").  Abstention is mandatory in this case.

### 1.    *Motion for Abstention Timely Filed*

For mandatory abstention, "a party acts in a timely fashion when he or she moves as soon as possible after he or she should have learned the grounds for such a motion." *J.T. Thorpe Co.,*

2003 WL 23323005 at *4 (quoting *In re Novak*, 116 B.R. 626, 628 (N.D. Ill. 1990)).   The

Recovery Trustee removed this case on Thursday, November 29, 2012.   The Long Trusts are

filing this motion on December 12, 2012.   It is timely.

### 2.      *Cause of Action is Purely State-Law Based*

The case involved Castle's state-law claims (evidently assigned to the Recovery Trustee

under the terms of Castle's confirmed Chapter 11 plan) against the Long Trusts.   *See generally*

*Castle Tex. Prod. Ltd. P'ship v. The Long Trusts,* 134 S.W.3d 267, 271-73 (Tex. App.—Tyler

2003, pet. denied).   Before the Texas Supreme Court, the only issue is one of state law on accrual

of postjudgment interest. The case involves no issue of federal law, bankruptcy-based or

otherwise.

### 3.      *The Case Does Not Arise Under, Or In A Case Under, Title 11—And At Best Merely Relates To A Title 11 Case*

The Recovery Trustee's Notice of Removal says this is a "core" proceeding under 28

U.S.C. § 157(b)(2)(C) as a "counterclaim" by the estate.   (Notice of Removal ¶ 18.)   This is

wrong.   In fact, from the time this case was severed and re-assigned Cause No. 96-123A in the

state trial court, Castle was designated plaintiff and asserted its claims as such against the Long

Trusts—not counterclaims.   (*See* Notice of Removal, Exhibit 2.)   More importantly, all of

Castle's claims—in whatever form—were reduced to, and merged into, a judgment in 2009.   *See*

*Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex. 1985) ("if a plaintiff prevails in a lawsuit, his

cause of action merges into the judgment and the cause of action dissolves.").[7]   No issue of

liability remains to be tried in this matter.   The only issue remaining on appeal before the Texas

Supreme Court concerns a pure question of law as to the proper accrual of postjudgment interest.

This proceeding does not fall under any category of core proceedings listed in 28 U.S.C.

---

[7] If, on the other hand, a defendant wins on a claim, the plaintiff is barred from bringing another action on it.  *Id.*

**MOTION TO ABSTAIN AND**
**REMAND TO TEXAS SUPREME COURT—PAGE 7**

§ 157(b)(2), including specifically subsections (A), (B), (C), or (O), on which the Recovery Trustee relies in paragraph 22 of its Notice of Removal. The judgment does not concern "administration of the estate," "allowance or disallowance of claims against the estate," does not concern a "claim" or "counterclaim" since judgment was rendered in 2009, or a proceeding affecting the "liquidation of the assets of the estate …."

It is well established that "'core' proceedings are those that invoke a substantive right provided by title 11 or could arise only in the context of a bankruptcy case," while non-core "cases 'related to' the bankruptcy are those whose outcome could have any conceivable effect on the estate being administered in bankruptcy." *See Morrison v. W. Builders of Amarillo, Inc. (In re Morrison),* 555 F.3d 473, 479 (5th Cir. 2009). Moreover, "controversies that do not depend on the bankruptcy laws for their existence—suits that could proceed in another court even in the absence of bankruptcy—are not core proceedings." *Wood v. Wood (In re Wood),* 825 F.2d 90, 96 (5th Cir. 1987) (distilling general principles from *N. Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50 (1982)).

No issue herein invokes a substantive federal or bankruptcy right; and the long pre-bankruptcy history of this case demonstrates that it is not a case that could arise only in the context of a bankruptcy. This case, as in *Wood*, is "based on state created rights" only, and "is simply a state contract action that, had there been no bankruptcy, could have proceeded in state court." *Wood,* 825 F.2d at 97 (finding similar proceeding is non-core). Accordingly, notwithstanding the Recovery Trustee's allegation to the contrary, this proceeding is non-core.[8]

**4.      *No Independent Basis of Jurisdiction Exists***

---

[8] Pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3), the Long Trusts are filing a statement denying the allegations in the Notice of Removal that the claims involved in this case are core.

**MOTION TO ABSTAIN AND
REMAND TO TEXAS SUPREME COURT—PAGE 8**

The only basis for jurisdiction alleged in the Recovery Trustee's Notice of Removal is bankruptcy jurisdiction under 28 U.S.C. §§ 1334 and 1452. The Recovery Trustee does not provide any alternative or independent basis of federal jurisdiction. Nor could the Recovery Trustee allege another basis for federal jurisdiction. This case involves only issues of state law, and therefore federal-question jurisdiction under 28 U.S.C. § 1331 is unavailable. Diversity jurisdiction under 28 U.S.C. § 1332 is likewise lacking on the face of the Notice of Removal because the Recovery Trustee fails to allege either parties' citizenship (both at the time of removal *and* at the filing of the case); and, even if diversity did or does exist, the present removal is untimely since it occurred "more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1). Since this case was filed in 1996, the availability of diversity jurisdiction as a basis for removal expired sometime in 1997. *Id.* Accordingly, there is no independent basis for federal jurisdiction.

### 5. *Timely Adjudication in State Court*

There is no dispute that a state court action was commenced long before Castle's bankruptcy and that the sole remaining issue can be timely adjudicated by the Texas Supreme Court. Indeed, that Court had set oral argument for December 6, 2012. If anything, the Recovery Trustee's removal to this Court and the prospect of transfer to a Delaware bankruptcy court present the greatest threat to the timely disposition of this case.[9]

---

[9] This case involves a novel issue of Texas state law that has not previously been addressed by the Texas Supreme Court and that the Texas Supreme Court accepted for review. If this case remains in the federal courts, the most sensible disposition would be to certify the question presented on appeal back to the Texas Supreme Court. *See* TEX. R. APP. P. 58.1 ("The Supreme Court of Texas may answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent.").

**MOTION TO ABSTAIN AND**
**REMAND TO TEXAS SUPREME COURT—PAGE 9**

In light of the satisfaction of the foregoing elements, abstention from hearing this case is mandatory under 28 U.S.C. § 1334(c)(2).   This Court must remand the case to the Texas Supreme Court.

## B.       *Rooker-Feldman* Doctrine Precludes Subject-Matter Jurisdiction

The *Rooker-Feldman* doctrine[10] recognizes that the United States Supreme Court's "appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257[[11]], precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 291 (2005).   That is, under *Rooker-Feldman* and Section 1257, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis,* 546 U.S. 459, 463 (2006).

Consistent with *Rooker-Feldman* principles, the Fifth Circuit has recognized that its case law provides "no support for the theory that this court can exercise jurisdiction over a case removed in an appellate posture from the state courts." *See Victoria Palms Resort, Inc. v. City of Donna,* 234 Fed. Appx. 179, 180 (5th Cir. 2007);[12] *see also FDIC v. Meyerland Co.,* 960 F.2d 512, 524-526 (5th Cir. 1992) (Politz, C.J., dissenting) ("An historical cornerstone of federal

---

[10] The doctrine takes its name from two United States Supreme Court decisions: *Rooker v. Fid. Trust Co.,* 263 U.S. 413 (1923), and *Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462 (1983).

[11] "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari…" in particular circumstances.  28 U.S.C. § 1257(a).  As this case involves only the question of calculating postjudgment interest under Texas state law, it is questionable whether the United States Supreme Court would even have appellate jurisdiction to review the Texas Supreme Court's decision.

[12] The one exception to this rule is that the particular language of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1819 *et seq.*, has been interpreted as permitting removal during an appeal.  *See, e.g., FDIC v. Meyerland Co.,* 960 F.2d 512 (5th Cir. 1992) (*en banc*); *but see Victoria Palms Resort, Inc. v. City of Donna,* 234 Fed. Appx. 179, 180 (5th Cir. 2007) (limiting *Meyerland* to FIRREA cases; "*Meyerland* furnishes no support for removal of *any* non-FIRREA cases to federal district courts while still on appeal in the state court system." (emphasis original)).

---

jurisdiction is that the general grant of jurisdiction to federal district courts does not include the power to review final state court judgments.").

And the jurisdictional statutes invoked here by the Recovery Trustee confer only original—not appellate—jurisdiction on federal district courts. *See* 28 U.S.C. § 1334 (providing "original and exclusive jurisdiction" in certain cases, and "original but not exclusive jurisdiction" in others; no reference of any appellate jurisdiction); 28 U.S.C. § 1452 (authorizing removals related to bankruptcy, but only "if such district court has jurisdiction…under section 1334," which provides only original jurisdiction—not appellate).

The procedural posture of this case precludes removal, and precludes this Court from having subject-matter jurisdiction. At the time of removal, this case was accepted for review by, and was pending before, the Texas Supreme Court. No authority vests this Court—or any other federal district or bankruptcy court—with the appellate jurisdiction necessary to review the decision of the Texas court of appeals, which itself reviewed the Texas trial court's final judgment. On the basis of *Rooker-Feldman* principles, this Court (and the Delaware bankruptcy court to which the Recovery Trustee ultimately aims) lacks subject-matter jurisdiction to operate as a *de facto* appellate court. Accordingly, this Court should remand this case for lack of federal jurisdiction.

C.   **Bankruptcy Courts Lack Jurisdiction Over this Matter under *Stern v. Marshall***

Even if the Recovery Trustee could permissibly remove this case while on appeal to the Texas Supreme Court, Castle's claims were state-law contract claims. They were in no way derived from or dependent upon bankruptcy law, and they existed without regard to any bankruptcy proceeding. The only issue on appeal is a pure question of Texas law. The bankruptcy courts lack authority under Article III to enter a final judgment on these issues. *See*

*Stern v. Marshall*, 131 S.Ct. 2594, 2615-20 (2011) (no Article III authority for bankruptcy court to enter judgment on debtor's counterclaim for tortious interference with expectancy of inheritance claim when the counterclaim "is not resolved in the process of ruling on a creditor's proof of claim."). As in *Stern*, the claims of Castle (or, now, the Recovery Trustee) are unrelated to the resolution of any proof of claim filed by the Long Trusts in the underlying bankruptcy.

D.    **Permissive Abstention and Equitable Remand Are Justified**

This Court should remand because mandatory abstention is required and this Court has no appellate jurisdiction under *Rooker-Feldman* and no Constitutional authority under *Stern v. Marshall*.  But, additionally and alternatively, this case is appropriate for permissive abstention and an equitable remand.

Section 1334, which confers federal bankruptcy jurisdiction, also provides for permissive abstention in an appropriate case: "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  28 U.S.C. § 1334(c)(1).  Similarly, specific to removed claims, Section 1452 confers a broad power of equitable remand: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452(b). Permissive abstention and equitable remand grant "broad discretion" to the bankruptcy court, and a court "may abstain at its discretion from deciding *either* core or non-core proceedings…." *Gober v. Terra + Corp. (In re Gober),* 100 F.3d 1195, 1206 (5th Cir. 1996).

Permissive abstention and equitable remand "are kindred statutes and the analysis under each have considerable overlap."  *J.T. Thorpe Co. v. Am. Motorists,* No. H-02-4598, 2003 WL

23323005, at *2 (S.D. Tex. June 9, 2003) (citing *Lee v. Miller,* 263 B.R. 757, 763 (S.D. Miss.

2001)).  The following nonexclusive factors are to inform the Court's decision:

- the effect or lack thereof on the efficient administration of the estate;

- extent to which state law issues predominate over bankruptcy issues;

- difficult or unsettled nature of applicable law;

- jurisdictional basis, if any, other than § 1334;

- degree of relatedness or remoteness of proceeding to main bankruptcy case;

- the substance rather than the form of an asserted core proceeding;

- the feasibility of severing state law claims from core bankruptcy matters to allow
  judgments to be entered in state court with enforcement left to the bankruptcy court;

- the likelihood that commencement of the proceeding in bankruptcy court involves
  forum shopping by one of the parties;

- comity; and

- the possibility of prejudice to other parties in the action.

*J.T. Thorpe Co.,* 2003 WL 23323005, at *6 (citing *In re Republic Reader's Serv., Inc.,* 81 B.R.

422, 429 (Bankr. S.D. Tex. 1987); and *Beasley v. Pers. Fin. Corp.,* 279 B.R. 523, 533-34 (S.D.

Miss. 2002)).[13]  Here, every applicable factor favors permissive abstention and equitable remand.

     **1.**    *No Negative Effect on Estate Administration*

---

[13] Other factors include: presence of related proceeding commenced in state court or other nonbankruptcy proceeding; the burden of the bankruptcy docket; the existence of a right to a jury trial; and the presence in the proceeding of non-debtor parties.  Other considerations particular to an equitable remand include: *forum non conveniens*; whether the civil action has been bifurcated during removal; whether the state court has greater ability to respond to questions of state law; the particular court's expertise; the inefficiencies of proceedings in two forums; prejudice to the involuntarily removed party; and possibility of inconsistent results. *See, e.g., Browning v. Navarro,* 743 F.2d 1069, 1076 n.21 (5th Cir. 1984); *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.,* 75 F. Supp. 596, 603 n.1 (S.D. Tex. 1999).

**MOTION TO ABSTAIN AND
REMAND TO TEXAS SUPREME COURT—PAGE 13**

Should this Court abstain and remand—which it should—Castle's estate administration will not be negatively affected. First, confirmation of Castle's plan in the bankruptcy brought an end to the Debtor's bankruptcy estate. 11 U.S.C. §1141(b). Second, no issue in this case relates to any proof of claim filed in the bankruptcy; nor does this case involve a potential liability of the bankruptcy estate; and, in fact, prompt resolution of the issues herein is in the best interest of the Recovery Trustee – the apparent successor-in-interest to the Debtor's estate.  Remanding this case to the Texas Supreme Court for final resolution—where oral argument already had been scheduled—is the most expedient way for the Recovery Trustee to resolve this matter and potentially obtain a benefit for the beneficiaries of the Recovery Trust.  Accordingly, this factor counsels toward abstention and remand.

### 2.      *Substantial, Unsettled Issues of State Law Predominate*

There are no issues of federal law, bankruptcy or otherwise, at issue in this litigation.  To the contrary, the only claims in this case were Castle's Texas common-law contract claims.  And the only remaining issue concerns the proper calculation of postjudgment interest under Texas law.  The issue is unsettled, substantial, and important to Texas jurisprudence—indeed, the Texas Supreme Court requested briefing on the merits, granted a petition for review on the issue, and—but for this removal—intended to hear oral argument and presumably issue a decision necessary to clarify uncertain Texas law.  This is a case that should be heard by the Texas Supreme Court—not by a bankruptcy court over 1,600 miles away in Delaware.  Comity considerations alone warrant abstention and remand.

### 3.      *Timing and Manner of Removal Is Suggestive Of Forum Shopping*

Assuming without conceding jurisdiction otherwise exists, this case presumably was subject to removal upon Castle's bankruptcy filing in December 2011.  Rather than timely

**MOTION TO ABSTAIN AND**
**REMAND TO TEXAS SUPREME COURT—PAGE 14**

remove, Castle filed a Motion to Reinstate Case, which requested that the Texas Supreme Court reinstate the case and decide whether to grant review. At no time over the next year did Castle attempt to remove this case. And, despite review being granted in August 2012, the Recovery Trustee elected to wait until the metaphorical "eve" of oral argument—a mere seven days before—to remove the case to this Court. The Recovery Trustee's conduct of removing only at the last moment and after the underlying judgment was in jeopardy (after the Texas Supreme Court granted review) is strongly suggestive of forum shopping. And even absent concerns of forum shopping, the delay in executing the removal and the election to do it only days before oral argument provide sufficient equitable reasons for this Court to remand on the basis of the prejudice—both in costs and delay—suffered by the Long Trusts.

### 4. *No Independent Basis For Federal Jurisdiction Over This Non-Core Case*

Finally, as noted above, this case is non-core—it does not relate to a substantive bankruptcy right and arose outside the course of a bankruptcy proceeding. It is, at best, related to a bankruptcy. Moreover, there is no independent basis for federal jurisdiction because there is no federal question jurisdiction, and diversity jurisdiction is neither alleged nor would it be timely.

Accordingly, on the basis of its broad discretion, this Court should permissively abstain (under 28 U.S.C. § 1334(c)(1)) and/or equitably remand (under 28 U.S.C. § 1452(b)) and/or do both.

### E. Removal is Untimely

Although this Court need not reach the issue, remand is also required because the removal is untimely.

---

Neither 28 U.S.C. § 1334 nor 28 U.S.C. § 1452—the jurisdictional statutes specific to bankruptcy—provide a time limit to removal. But Section 1446 provides the general procedure for all removed cases, and does include a general time limit for removal:

> Except as provided in subsection (c) [inapplicable here], if the case stated by the initial pleading is not removable, a notice of removal may be filed <u>within thirty days</u> after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3) (underlining added). Here, Castle was certainly aware of its own bankruptcy in December 2011, and in fact it filed a suggestion of bankruptcy at that time with the Texas Supreme Court. Under Section 1441's general thirty-day time limit, the Recovery Trustee's removal – almost a full year after the bankruptcy filing – was untimely, and this Court should remand the case.

The Recovery Trustee claims the removal "is timely under 28 U.S.C. § 1446(b)" because the Delaware bankruptcy court extended the removal deadline under Bankruptcy Rule 9027. (*See* Notice of Removal ¶ 28.)[14] But the statutory time limit of Section 1446(b) is "mandatory and must be strictly complied with; the period cannot be extended by stipulation of the parties or by order of the court." *Hodge v. Stallion Oilfield Services,* No. H-07-CV-2255, 2007 WL 2777771, at *1 (S.D. Tex. Sept. 20, 2007) (collecting authority and quoting *Albonetti v. GAF Corp – Chem. Group,* 520 F. Supp. 825, 827 (S.D. Tex. 1981)). Accordingly, the Delaware bankruptcy court could not extend the statutory time for removal by its order or otherwise. *See also* FED. R. BANKR. P. 9030 ("These rules shall not be construed to extend or limit the jurisdiction of the courts…."); 28 U.S.C. § 2075 (conferring authority to create Federal Rules of

---

[14] In fact, this was the third such extension purported to be entered by the Delaware bankruptcy court. (*See* ECF Nos. 448, 897, and 1105 in Case No. 11-14006 (Bankr. D. Del.))

---

**MOTION TO ABSTAIN AND
REMAND TO TEXAS SUPREME COURT—PAGE 16**

Bankruptcy Procedure, but providing that "[s]uch rules shall not abridge, enlarge, or modify any substantive right").

And to the extent that Bankruptcy Rule 9027 is in conflict with the time limits of Section 1446, then Section 1446 prevails. *In re Asbestos Litig.,* No. CV-01-1790-PA, 2002 WL 649400, at *3 (D. Or. Feb. 1, 2002) (finding notice of removal untimely because Section 1446 prevails over Bankruptcy Rule 9027; "when a statute and a rule directly conflict, the statute wins." (citing *Chevron U.S.A., Inc. v. Natural Resources Def. Counsel, Inc.,* 467 U.S. 837, 842-45 (1984))).

Although a number of courts have held that the timeliness of removal is governed by Bankruptcy Rule 9027, those holdings are called into question by the United States Supreme Court's decision in *Things Remembered, Inc. v. Petrarca,* 516 U.S 124, 128-29 (1995).  In that case, the Court held that the general removal statute, 28 U.S.C. § 1447, applied to bankruptcy removals under Section 1452.  It logically follows that Section 1446—also a general removal statute—would apply to bankruptcy removals as well.  *See* Thomas B. Bennett, *Removal, Remand, and Abstention Related to Bankruptcies: Yet Another Litigation Quagmore!*, 27 CUMB. L. REV. 1037, 1060 (1996-1997) (explaining that "[t]he viability of those portions of [Rule 9027] that conflict with or expand removal time periods beyond those of 28 U.S.C. § 1446 is questionable after the *Things Remembered, Inc.* opinion").  Accordingly, the Recovery Trustee may not rely on Bankruptcy Rule 9027, or the Delaware bankruptcy court's various orders, to extended the statutorily mandated thirty-day time limit to removals under 28 U.S.C. § 1446. Because the Recovery Trustee did not remove until nearly a year after the bankruptcy filing, the removal is untimely under Section 1446 and remand is required.

Finally, even if Bankruptcy Rule 9027 were applicable, the Delaware Bankruptcy Court's Order[15] enlarging the time to file notices of removal extends the deadline only for the "Reorganized Debtors," not the Recovery Trustee. Accordingly, the Recovery Trustee's deadline to remove this case has not been enlarged and is untimely under Rule 9027 as well.

**CONCLUSION**

In light of the foregoing, the Long Trusts respectfully request that this Court apply the principles of mandatory abstention, permissive abstention, and/or equitable remand, and remand this case to the Texas Supreme Court. The Long Trusts are aware that the Recovery Trustee has filed a Motion to Transfer to Delaware, but this Court should not consider that motion (which the Long Trusts will timely oppose by separate filing), and should instead abstain and remand. The Long Trusts further request that upon remand the Court award the Long Trusts their reasonable and necessary costs and expenses, including attorneys' fees, incurred as a result of the Recovery Trustee's removal, pursuant to 28 U.S.C. § 1447(c). The Long Trusts request such other and/or additional relief to which they may be justly entitled.

Respectfully submitted,

/s/ Scott A. Ritcheson
Scott A. Ritcheson
  State Bar No. 16942500
  scottr@rllawfirm.net
RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
Telephone:  (903) 535-2900, Ext. 14
Facsimile:   (903) 533 8646

 Mike A. Hatchell
  State Bar No. 09219000

---

[15] "Order (Third) Pursuant to Rules 9006 and 9027 of the Federal Rules of Bankruptcy Procedure Enlarging the Time Within Which the Reorganized Debtors may File Notices of Removal of Related Proceedings" (Delta Petroleum Bankruptcy Docket No. 1105) (copy attached, Exhibit "1").

**MOTION TO ABSTAIN AND**
**REMAND TO TEXAS SUPREME COURT—PAGE 18**

mahatchell@lockelord.com
LOCKE LORD LLP
100 Congress Avenue, Suite 300
Austin, Texas 78701
Telephone:  (512) 305-4700
Facsimile:   (512) 305-4800

Thomas F. Loose
  State Bar No. 12561500
  tloose@lockelord.com
Scott K. Koelker
  State Bar No. 24065569
  skoelker@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 740-8000
Facsimile:   (214) 740-8800

F. Franklin Honea
  State Bar No. 09934300
  frank@honealaw.com
LAW OFFICE OF F. FRANKLIN HONEA
5949 Sherry Lane, Suite 1700
Dallas, Texas 75225
Telephone:  (214) 361-9494
Facsimile:   (214) 361-2109

Ron Adkinson
  State Bar No. 00921090
  ron@adkinsonlawfirm.com
THE ADKINSON LAW FIRM
300 West Main Street
Henderson, Texas 75653
Telephone:  (903) 657-8545
Facsimile:   (903) 657-6108

**ATTORNEYS FOR DEFENDANTS
THE LONG TRUSTS**

## CERTIFICATE OF SERVICE

On December 12, 2012, I electronically submitted the foregoing document with the Clerk of Court for the United States Bankruptcy Court, Eastern District of Texas, using the electronic

**MOTION TO ABSTAIN AND
REMAND TO TEXAS SUPREME COURT—PAGE 19**

case filing system of the Court.  I hereby certify that I have served all counsel of record and/or *pro se* parties electronically or by another manner authorized by the Federal Rules of Bankruptcy Procedure and/or Federal Rules of Civil Procedure as follows:

**<u>Via ECF Notice</u>**
E. Glenn Thames, Jr.
Ronald D. Stutes
POTTER MINTON P.C.
110 N. College Ave., Suite 500
Tyler, Texas 75702

**<u>Via CM/RRR</u>**
Kathryn A. Coleman
W. Peter Beardsley
Christopher Gartman
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482

*Counsel for John T. Young, Jr., as Trustee for the Delta Petroleum General Recovery Trust*

*/s/ Scott A. Ritcheson*

**MOTION TO ABSTAIN AND
REMAND TO TEXAS SUPREME COURT—PAGE 20**