Beverly Ann LEE, Plaintiff,

v.

William J. HENDERSON,[1] Postmaster
General, Defendant.

No. Civ.A. 1:98–CV–1716.

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 1, 1999.

Beverly Ann Lee, Beaumont, TX, plaintiff pro se.

Andrea Hedrick Parker, Ken Dodd, Assistant U.S. Attorneys, Beaumont, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

JOE J. FISHER, District Judge.

Before the Court is the Defendant's Motion to Dismiss.

After considering the motion, and for the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss.

### I. BACKGROUND

This case originates from an employment discrimination action between Beverly Ann Lee ("Plaintiff" or "Ms. Lee") and

1. Marvin Runyon was previously the named Defendant in this case. *See Lee v. Runyon,* 18 F.Supp.2d 649 (E.D.Tex.1998). However, William J. Henderson has since replaced Marvin Runyon as Postmaster General of the United States Postal Service. Therefore, under Federal Rule of Civil Procedure 25(d)(1), his name is automatically substituted as the party Defendant in this case.

her employer, the United States Postal Service. *See Lee v. U.S. Postal Service*, 882 F.Supp. 589 (E.D.Tex.1995). On February 18, 1994, Ms. Lee was terminated from her position as a Postal Service employee because of an alleged unauthorized absence. Believing she was the victim of race discrimination, Ms. Lee filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). The Plaintiff alleged discrimination in three instances: (1) she claimed that her removal was discriminatory; (2) she contended that a pre-disciplinary interview that led to her removal was discriminatory in nature; and (3) she alleged that her supervisor falsified personnel documents used in the determination that ultimately led to her removal.

After the EEOC investigated these charges and found no discrimination by the employer, the Plaintiff initiated an action with this Court on August 3, 1994. Before the case proceeded to trial however, the parties entered into a "Stipulation for Compromise and Settlement Agreement" ("Agreement") which contained language calling for the release of "any and all" claims relating to the *facts giving rise to* the suit. After the Agreement was signed by all parties and their attorneys, a final judgment dismissing the action with prejudice was entered on May 20, 1996.

Pursuant to the Agreement, Ms. Lee was reinstated to her position with the U.S. Postal Service and received approximately $13,572.48 in backpay. In return, Ms. Lee subsequently withdrew her discriminatory discharge claim. However, she did not withdraw her complaints (as she agreed to under the Agreement) relating to the pre-disciplinary interview or the allegation that her supervisor falsified documents.

Ms. Lee then requested the EEOC to schedule a hearing on the remaining complaints. Upon receiving notice of the hearing, the Postal Service instructed Ms. Lee to withdraw the claims or risk breaching the Agreement. However, the Plaintiff refused to withdraw the complaints and proceeded with the hearing before the EEOC.

Concluding that she breached the settlement, the Postal Service reinstated the prior discharge and demanded that she return the backpay. The Plaintiff then filed a new EEOC complaint alleging that Defendant's action (the reinstatement of the discharge and the demand of the backpay) constituted retaliation in violation of 42 U.S.C. § 2000e–3(a).

On December 30, 1996, the EEOC declined to take further action on Ms. Lee's retaliation claim and the Plaintiff filed her Original Complaint (asserting violations of Title VII) in this Court on May 22, 1997. Ms. Lee, now without counsel, first filed a Motion for Leave to Proceed *In Forma Pauperis* and for Appointment of Counsel. In *Lee v. Runyon*, 18 F.Supp.2d 649 (E.D.Tex.1998), this Court granted the Motion for Leave to Proceed *In Forma Pauperis* and denied the Motion for Appointment of Counsel.

The Defendant has filed a Motion to Dismiss on two separate grounds: (1) the Plaintiff did not file this action within the allowable statutory period from the receipt of her right to sue letter; and (2) the Plaintiff has not properly effected service upon the Defendant.

## II. ANALYSIS

### A. Title VII Limitation Periods

■ A federal employee who wishes to initiate a judicial action pursuant to Title VII, 42 U.S.C. § 2000e–16, must first exhaust his or her administrative remedies. *See Brown v. General Services Administration*, 425 U.S. 820, 831–32, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976); *Hampton v. I.R.S.*, 913 F.2d 180, 182 (5th Cir. 1990); *Porter v. Adams*, 639 F.2d 273 (5th Cir.1981); *Piraino v. U.S. Postal Service*, 69 F.Supp.2d 889 (E.D.Tex.1999). The Defendant concedes that Ms. Lee has exhausted her administrative remedies. The only question presented here is whether, once the administrative remedies were ex-

hausted, Ms. Lee filed her action in this Court before the applicable statute of limitations.

During the administrative process, the EEOC conducts an investigation and at the conclusion of the investigation, the agency issues, and sends to the complainant, a final agency decision that discrimination did or did not exist. 29 C.F.R. § 1614.110. The final agency decision letter (the "right-to-sue" letter) informs the employee that he has two options if he is not satisfied with the decision made by the EEOC: 1) to appeal to the EEOC within 30 days of receipt of the final agency decision, *see* 29 C.F.R. § 1614.402; or 2) *to commence a civil action within 90 days of receipt of the final agency decision* (emphasis added). *See* 42 U.S.C. § 2000e–16(c); 29 C.F.R. § 1614.408 (1998).

The Postal Service mailed Plaintiff via certified mail, return receipt requested, the final agency decision (the "right-to-sue" letter) finding no discrimination. Instead of appealing the final agency decision with the EEOC, Ms. Lee chose to file a civil action with this Court. As stated above, pursuant to 42 U.S.C. § 2000e–16(c), this had to be done within ninety days of receipt of the final agency decision letter.

The Defendant asserts that Ms. Lee filed this action after the ninety-day limit from receipt of the final agency decision. The ninety-day period is a statute of limitations, therefore, absent sufficient grounds for equitable tolling, this action is barred if it was not filed within the limitations period. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Espinoza v. Missouri Pac. R.R. Co.,* 754 F.2d 1247, 1249 n. 1 (5th Cir.1985). The issue presented here is when Ms. Lee actually *received* the letter.

While Ms. Lee was going through the administrative process, she provided an address to the EEOC where all correspondence addressed to her from the EEOC

could be sent. Thus, on December 30, 1996, the Postal Service mailed Plaintiff via certified mail, return receipt requested, the final agency decision (the "right-to-sue" letter) in Ms. Lee's case, finding no discrimination. The EEOC mailed this decision to the address provided by the Plaintiff.

On January 27, 1997, this decision was returned to the Postal Service, marked "unclaimed." The returned envelope shows that the Postal Service provided notices to the Plaintiff on three separate occasions: January 4, 1997, January 9, 1997, and January 19, 1997. Ms. Lee did not sign for or accept the letter on any of these dates. After the letter was returned, the Postal Service re-sent the decision via certified mail, return receipt requested, to the Plaintiff at the same address, and Plaintiff received, and signed for, this second letter on March 3, 1997.

█ Ms. Lee argues that the ninety-day statute of limitations began on the date she actually received the second letter. It is true that the statute states that the limitation period begins when the Plaintiff *receives* the letter. 42 U.S.C. § 2000e–16(c). However, in circumstances where a plaintiff does not claim her certified mail, the ninety-day period is triggered upon delivery of the first notice of certified mail, not when the letter is actually picked up. *Middleton v. Gould,* 952 F.Supp. 435 (S.D.Tex.1996); *Vogel v. American Home Products Corp. Severance Pay Plan,* 122 F.3d 1065, 1997 WL 577578 (4th Cir.1997) (unpublished) ("A central factor in determining when the limitations period is triggered is the extent to which the claimant's failure to receive actual knowledge of the letter was due to his own fault."); *Nelmida v. Shelly Eurocars, Inc.,* 112 F.3d 380 (9th Cir.1997); *Watts–Means v. Prince George's Family Crisis Center,* 7 F.3d 40, 42 (4th Cir.1993); *Zillyette v. Capital One Financial Corp.,* 1 F.Supp.2d 1435, 1439–40 (M.D.Fla.1998). Requiring actual pickup of certified mail "would allow some

plaintiffs open-ended time extension, subject to manipulation at will." *Middleton,* 952 F.Supp. at 440 n. 2 (citing *Watts–Means,* 7 F.3d at 42); *see also Zillyette,* 1 F.Supp.2d at 1440. The Court holds that the ninety-day limitations period began to run on January 4, 1997, the delivery date of the first notice of the certified mail. Therefore, the Plaintiff's deadline to file this action was April 4, 1997. However, Ms. Lee did not file her Original Complaint until May 22, 1997.

Equitable tolling of a statute of limitations is to be applied sparingly by federal courts, and courts have been generally unforgiving when a late filing is due to claimant's failure to exercise due diligence in preserving his or her legal rights. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 458–59, 112 L.Ed.2d 435 (1990); *Rowe v. Sullivan,* 967 F.2d 186, 192 (5th Cir.1992). "[The federal courts] have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 458–59, 112 L.Ed.2d 435 (1990).

In the instant case, the Plaintiff did not file her Complaint within the statutory period. She, in no way, was induced or tricked by the Defendant into allowing the filing deadline to pass. In fact, Ms. Lee seems to be the party at fault in this case. She provided a correct address to the EEOC, yet did not sign for the certified mail. Having been a longtime employee of the Postal Service, the Plaintiff should have understood the importance of the certified mail notices. Since the Plaintiff tried to evade the right-to-sue letter, and tried to "put off" the triggering of the statute of limitations, she cannot be afforded equitable tolling of the limitations period. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984).

## B. Service of Process

The Defendant also asserts that the Motion to Dismiss should be granted since the Plaintiff has not effected proper service as required by the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 4(i) requires that when a federal agency or officer of such agency is named as a defendant in a civil case, Plaintiff is required to serve (1) the United States Attorney for the district in which the action is filed; (2) the United States Attorney General; and (3) the defendant federal officer.[2] Fed. R.Civ.P. 4(i)(1)(A)–(B); *McGuire v. Turnbo,* 137 F.3d 321, 325 (5th Cir.1998); *Lambert v. United States,* 44 F.3d 296, 298 (5th Cir.1995). In this case, the record fails to reflect service upon any of the above-mentioned individuals.

On June 17, 1998, Ms. Lee was granted leave to proceed *in forma pauperis. Lee v. Runyon,* 18 F.Supp.2d 649, 653–54. Special rules govern the procedure for service of process in cases involving *in forma pauperis* plaintiffs like Ms. Lee. 28 U.S.C. § 1915(d) provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis* ] cases." Fed.R.Civ.P. 4(c)(2) goes hand-in-hand with § 1915(c), and provides that:

> At the request of the plaintiff ... the court may direct that service be effected by a United States marshal, or other person or officer specially appointed by the court for that purpose. Such an appointment must be made when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915....

---

**2.** Mary Elcano, General Counsel of the U.S. Postal Service, is the designated agent or the receipt of legal process against the Postal Service and its officials in their official capacity. *See* 39 C.F.R. § 2.2.

Once the *in forma pauperis* plaintiff has taken reasonable steps to identify the defendant(s), "Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that ... the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants...." *Lindsey v. United States R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir.1996). In other words, Ms. Lee had the United States Marshal's Service at her disposal to effectuate service correctly. However, she failed to take advantage of this privilege.

Ms. Lee attempted to serve Marvin Runyon, Postmaster General, and Glenn Slider, Postmaster of Beaumont, Texas. However, even if these individuals were served, the abovementioned service requirements for this type of action are still not satisfied. Ms. Lee has known since at least April 29, 1999 that the Defendant was claiming improper service. *See Defendant's Motion to Dismiss*, p. 7. And, although the procedures for serving the U.S. Postal Service are relatively complex, the Defendant, in its "Memorandum in Support of Defendant's Motion to Dismiss," set forth specifically the manner in which she needed to properly serve the Defendant in this case. Yet, even with this notice, Ms. Lee did not attempt to re-serve the Defendant on her own (through a private-process server), she did not ask the U.S. Marshal's Service to re-serve the correct individuals, nor did she request this Court to direct the U.S. Marshal's Service to re-serve the correct individuals.

Rule 4(m) of the Federal Rules of Civil Procedure provides for dismissal of a case in which service is not accomplished within 120 days unless "good cause" is shown for failing to effect service within that time period. Fed.R.Civ.P. 4(m); *Flory v. United States*, 79 F.3d 24, 25 (5th Cir.1996); *Hunt v. Smith*, 67 F.Supp.2d 675, 682 (E.D.Tex.1999). The burden of showing "good cause" is on the plaintiff. *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir.1990).

What amounts to "good cause" under any particular set of circumstances is necessarily fact-sensitive. Although this Court has found no decision within this Circuit that sheds light on the precise issues raised in this case, the Fifth Circuit's decision in *Rochon v. Dawson*, 828 F.2d 1107 (5th Cir.1987) is illustrative. *Rochon* demonstrates that while Ms. Lee was entitled to have the U.S. Marshal Service serve the Defendant, she is not necessarily immune from having her case dismissed due to lack of service of process.

In the *Rochon* case, an *in forma pauperis* Plaintiff filed suit against a physician. Because the Plaintiff was incarcerated, he relied and was dependent on the U.S. Marshal's Service for service of process. The Plaintiff provided the Service with the address of the hospital at which the Defendant was allegedly employed. However, no acknowledgment of receipt of process was received. Four months later, the Plaintiff added the hospital as a Defendant. More than one year after service was attempted on the physician, the district court dismissed the Plaintiff's case as to both the physician and the hospital. After the Plaintiff moved for reinstatement of his cause of action, the district court reinstated the case and ordered the clerk of court to serve the Defendants. The hospital was properly served, but the physician was not. When ruling on one of the hospital's pre-trial motions, the district court noted that the physician had yet to be served. The Plaintiff, however, did nothing. Summary judgment was granted in favor of the hospital and the claim against the physician was dismissed for want of prosecution.

The Fifth Circuit rejected the Plaintiff's claim on appeal that his case against the physician should not have been dismissed because the Marshal's Service failed to effectively serve the Defendant. The Fifth Circuit held that "a plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Mar-

shal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon*, 828 F.2d at 1110. The Fifth Circuit noted, however, that when failure of effective service of process is due to the "dilatoriness or fault" of the plaintiff, relief from a dismissal for insufficiency of service of process should be denied. *Id.* The Court of Appeals reasoned that "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects·of which a plaintiff has knowledge." *Id.* The Fifth Circuit concluded that the Plaintiff was dilatory and at fault for insufficient service because he was told that process was not served on the physician, yet the plaintiff did nothing about it. *Id.*

■ The facts in the *Rochon* case are similar here. The Plaintiff, Ms. Lee, has not established "good cause" as to why the Defendant has not been served. She has known that service was being contested since April 29, 1999. *See Defendant's Motion to Dismiss, p. 7.* As mentioned above, the Defendant, in its Motion to Dismiss spelled out the correct procedure for service of process, yet the Plaintiff did not attempt to re-serve the Defendant herself (through a private process server), she never asked the U.S. Marshal Service to re-serve the Defendant, and she never requested this Court to direct the U.S. Marshal Service to re-serve the Defendant.

This Court is aware that "[p]ro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." *Moore v. Agency for Int'l Development*, 994 F.2d 874, 876 (D.C.Cir.1993). However, this latitude can only go so far. This case has been on file for more than two years. Ms. Lee is ultimately at fault for insufficient service because she knew that proper service was contested, yet she did nothing to correct it. This Court holds that the Plaintiff has not established "good

cause" for failing to serve the Defendant within 120 days.

### ORDER

For the reasons stated in the accompanying memorandum, it is hereby ORDERED that Defendant's Motion to Dismiss is GRANTED. The Court hereby dismisses this action.