

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2004

# Avon Contractors Inc v. Secretary Labor

Precedential or Non-Precedential: Precedential

Docket No. 03-1615

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Avon Contractors Inc v. Secretary Labor" (2004). *2004 Decisions.* Paper 563.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/563

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES
COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1615

AVON CONTRACTORS, INC.,
                            Petitioner

v.

SECRETARY OF LABOR;
OCCUPATIONAL SAFETY AND
HEALTH REVIEW COMMISSION,
                            Respondents

On Petition for Review of a Final Order
of the Occupational Safety and Health
Review Commission
(OSHRC No. 02-0772)

Argued February 12, 2004

Before: SCIRICA, *Chief Judge*,
ROTH and McKEE, *Circuit Judges*

(Filed: June 9, 2004)

Donald A. Kessler, Esquire (Argued)
Schwartz, Simon, Edelstein,
  Celso & Kessler
10 James Street
Florham Park, New Jersey 07932
          Attorney for Petitioner

Ronald J. Gottlieb, Esquire (Argued)
United States Department of Labor
Office of the Solicitor
Suite S-4004
200 Constitution Avenue, N.W.
Washington, D.C. 20210
          Attorney for Respondent,
          Secretary of Labor

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

At issue is whether Petitioner Avon Contractors, Inc. is entitled to relief under the excusable neglect standard of Fed. R. Civ. P. 60(b)(1), after it failed to timely file a notice of contest to Occupational Safety and Health Administration Citations and a Notice of Penalty delivered by certified mail. We addressed similar issues in *George Harms Construction Co. v. Chao*, No. 03-2215 (3d Cir. June 9, 2004), in which we heard oral argument on the same day as this matter.

We will vacate the Occupational Safety and Health Review Commission's final order and remand for a hearing on the merits of the OSHA citations.

**I.**

OSHA conducted an inspection of Avon's work site at Northvale, New Jersey from January 8 through January 10, 2002.[1]

---

[1]Congress enacted the Occupational Safety and Health Act to "assure so far as possible" safe working conditions for "every working man and woman in the

Nation." 29 U.S.C. § 651(b). The Secretary of Labor is charged with enforcement of the Act. But the Secretary has delegated her enforcement duties to the Assistant Secretary for Occupational Safety and Health, who heads OSHA. Secretary's Order 5-2002, 67 Fed. Reg. 65008 (Oct. 22, 2002). OSHA inspects workplaces for violations. It may issue a citation for a violation, establish a date for abatement, and propose a civil penalty. 29 U.S.C. §§ 658, 659. An employer can contest the citation and the proposed penalty before the Occupational Safety and Health Review Commission. 29 U.S.C. § 661. Under section 10(a) of the Act, an employer must file a notice of contest within 15 working days of receipt of the citation or the "the citation and the assessment, as proposed, shall be deemed a final order of the Commission and not subject to review by any court or agency." 29 U.S.C. § 659(a).

The Commission, an independent adjudicatory body separate from the Department of Labor, acts as a neutral arbiter in proceedings contesting OSHA citations. *Cuyahoga Valley Ry. Co. v. United Transp. Union*, 474 U.S. 3, 7 (1995) (per curiam). Assuming jurisdiction, an Administrative Law Judge of the Commission conducts a hearing and issues a report with his determination of the proceeding. 29 U.S.C. § 661(j). Within thirty days, the Commission may opt to review the ALJ's report. *Id.* If no Commissioner directs review, the ALJ's report becomes the Commission's final

OSHA found two infractions.[2] After the inspection, Charles Tristitti of OSHA's Hasbrouck Heights Area Office contacted Avon's Office Manager Lori Muranelli by telephone and advised her of two forthcoming citations. OSHA sent the citations by certified mail to Avon on February 22, 2002. Avon's receptionist, Tonya Grant, signed for the citations on February 26, 2002. Muranelli, the employee at Avon responsible for OSHA-related matters, never received the citations.

In or around March 2002, Avon discovered it was missing mail and suspected its receptionist, Tonya Grant, was responsible. According to Muranelli, "around" the time of March, 2002, managers started complaining about missing mail. "Between February and March, right before [the receptionist] left the Company," Muranelli told the receptionist that some mail items were missing. Muranelli warned her to ensure that the proper recipients got their mail. Muranelli also told the receptionist that she was not to sign for any certified mail

decision. *Id.* Judicial review may then be sought. 29 U.S.C. § 660.

[2]In the citations, OSHA alleges Avon violated 29 C.F.R. § 1926.300(b)(1), by operating power tools without a required guard. It also alleges Avon violated 29 C.F.R. § 1926.501(b)(1), by not providing a guardrail system, safety net system, or personal fall arrest system for employees working on a roof.

2

because it was Muranelli's responsibility as office manager to do so. "In the middle towards the end of March," the receptionist resigned. Muranelli testified that the receptionist was "disgruntled" and quit because she had heard she would be terminated for losing or destroying mail. In April 2002, Avon discovered that some of its certified mail was missing. Avon claims it was not aware that its receptionist was destroying or losing mail at the time the OSHA citations were mailed and received.

On April 26, 2002, Muranelli contacted OSHA to inquire about the status of the citations. On April 29, 2002, Avon received a demand letter from OSHA and a copy of the citations and notice of penalty. On May 15, 2002, Avon submitted a late notice of contest.

The matter was docketed before the Commission. Avon claimed it was entitled to relief under the "excusable neglect" standard of Fed. R. Civ. P. 60(b)(1). Section 12(g) of the Act provides that the "Commission is authorized to make such rules as are necessary for the orderly transaction of its proceedings. Unless the Commission has adopted a different rule, its proceedings shall be in accordance with the Federal Rules of Civil Procedure." 29 U.S.C. § 661(g). Fed. R. Civ. P. 60(b)(1) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." *Id.*

On January 21, 2003, an ALJ filed his decision and order granting the Secretary's dismissal motion. *See Avon Contractors, Inc.*, No. 02-0772, 2003 OSAHRC LEXIS 47 (OSAHRC Jan. 21, 2003). Though finding that Avon made a "compelling" argument, the ALJ held against Avon on its excusable neglect claim because Avon had not shown "whether the failure [to receive notice of the violation] was within the control of the employer." *Id.* at *4-5. Particularly, the ALJ found, the record did "not show how long the receptionist had been destroying or misplacing mail or when the company first became aware of the problem." *Id.* at *4. Accordingly, the ALJ could not tell whether the destruction was an "unprecedented and unexpected act, or whether this type of activity was an ongoing problem which should have been corrected." *Id.* at *5. The ALJ noted "the only apparent effort Avon undertook to rectify the problem was to tell the receptionist not to accept certified mail, and . . . this occurred 'right before' the receptionist left the company." *Id.* The ALJ denied relief under Fed. R. Civ. P. 60(b) because he was unable to "find that it was not within Avon's reasonable control to prevent the series of events which led up to its failure to timely file the NOC." *Id.* The ALJ also rejected the Secretary's contention that the Commission did not have authority to accept a late-filed notice of contest. The ALJ noted:

> Relying on *Le Frois Builder Inc.*, 291 F.3d 219 (2d Cir.

2002), the Secretary's motion asserts that the Commission does not have authority to accept a late-filed NOC. The Secretary's reliance on *Le Frois*, however, is misplaced, as this case arises in the Third Circuit, not the Second. Accordingly, *J. I. Hass Co., Inc.*, 648 F.2d 191 (3d Cir. 1981) and *Branciforte Builders, Inc.*, 9 BNA OSHC 2113 (No. 80-1920, 1981), not *Le Frois*, are controlling.

*Id.* at *3 n.2.

Avon appeals to vacate the Commission's order and remand for a hearing on the underlying citation.[3] It argues that it is entitled to the relief of "excusable neglect" under Fed. R. Civ. P. 60(b)(1). Not only does the Secretary dispute those claims, she also contends that section 10(a) of the Act, 29 U.S.C. § 659(a), precludes the Commission from considering the Fed. R. Civ. P. 60(b)(1) "excusable neglect" standard when a notice of contest is untimely filed.[4]

---

[3]The Commission had jurisdiction under 29 U.S.C. § 659. We have appellate jurisdiction under 29 U.S.C. § 660.

[4]The Commission's factual findings must be affirmed if supported by substantial evidence on the record as a whole. *Reich v. D.M. Sabia Co.*, 90 F.3d 854, 856 (3d Cir. 1996). Its adjudications

## II.

In *George Harms Construction Co. v. Chao*, No. 03-2215 (3d Cir. June 9, 2004), we rejected the Secretary's contention that *J.I. Hass Co. v. OSHRC*, 648 F.2d 190 (3d Cir. 1981), had been undermined by subsequent precedent. *Harms*, No. 03-2215, op. at 4-8. We held that under *Hass*, section 10(a) is not a bar to Commission review, and the Commission has jurisdiction to entertain a late notice of contest under the excusable neglect standard of Fed. R. Civ. P. 60(b)(1). *See Harms*, No. 03-2215, op. at 8.

Moreover, in *Harms*, we held the Supreme Court's holding in *Pioneer Investment Services v. Brunswisk Assoc.*, 507 U.S. 380 (1993), applies to Commission proceedings where the excusable neglect standard is implicated. *See Harms*, No. 03-2215, op. at 8. We noted that in *Pioneer* "the Supreme Court identified, without limitation, these factors to consider: 'the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). We held the "control" factor does not necessarily trump all the other

---

are to be affirmed unless they are arbitrary, capricious, an abuse of discretion, or contrary to law. *Id.* (citing 5 U.S.C. § 706(2)(A)).

4

relevant factors. *Id.* at 9. Furthermore, an arbiter must take into account all relevant circumstances surrounding a party's failure to file a timely notice of contest. *Id.* We faulted the ALJ for weighing too heavily the "control" aspect of the case at the expense of other relevant *Pioneer* factors. *See id.* at 8-9.

Here, the ALJ made similar errors in its "excusable neglect" calculus. Several of the factors weighed in favor of a finding for Avon. The Secretary did not apparently suffer prejudice; the delay did not negatively impact the proceeding; and as the ALJ noted, "Avon's argument is compelling, particularly as Avon initiated contact with OSHA with respect to the whereabouts of the citation." *Avon*, 2003 OSAHRC LEXIS 47, at *4. But the ALJ explained that "a key factor in determining this issue is whether the failure was within the control of the employer" and found against Avon because the evidence it presented was insufficient for showing the loss "was not within Avon's reasonable control." *Id.* at *4-5. In doing so, the ALJ did not properly weigh all the relevant *Pioneer* factors.

Moreover, we disagree that Avon failed to prove that the loss was not within its reasonable control. The ALJ found fatal to Avon's petition the fact that the record does not show "how long the receptionist had been destroying or misplacing the mail or when the company first became aware of the problem." *Id.* at *4. But the failure to show how long the receptionist had been destroying or misplacing mail is not necessarily controlling on whether the loss of the citations was within Avon's reasonable control. It would be difficult to show precisely how long the deliberate acts had been ongoing in part because employees who commit destructive or negligent acts generally do not broadcast their conduct. Until Avon discovered the missing mail and the receptionist's allegedly deliberate acts of destruction, there was little beyond the established mailing procedures in place that could be done to prevent mishandled mail. Nor is there any reason to assume that a company would know that its mail was being destroyed or misplaced but would act against its own self-interest in choosing to ignore it. Moreover, though the precise date on which Avon discovered it was missing mail is unclear, the record demonstrates that Avon discovered that it was missing mail just prior to the receptionist's departure in February or March. The record shows that Avon did not discover that certified items were destroyed or misplaced until sometime in April. When OSHA sent the certified mail containing the citations to Avon in February, there is no evidence that it was within Avon's control to prevent the unforeseeable acts of destruction by its employee. Because the *Pioneer* factors of good faith, prejudice, efficient judicial administration, and control all weigh in favor of Avon, it has sufficiently shown "excusable neglect" and is entitled to relief under Fed. R. Civ. P. 60(b)(1).

## III.

For the foregoing reasons, we will vacate the Commission's final order and

5

remand for a hearing on the merits of the subject OSHA citations.