# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2022

Lyle W. Cayce
Clerk

No. 20-61190

D.R.T.G. Builders, L.L.C.,

*Petitioner*,

*versus*

Occupational Safety and Health Review Commission;
Martin Walsh, Secretary, U.S. Department of Labor,

*Respondents*.

On Petition for Review of an Order of the
Occupational Safety and Health Review Commission
OSHC No. 20-0243

Before Higginbotham, Smith, and Ho, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

Today we decide whether the Occupational Safety and Health Administration (OSHA) properly served D.R.T.G. Builders (DRTG) with notice of a workplace violation citation. DRTG argues that as OSHA failed to properly serve it with the citation, it is entitled to relief from default entry of the citation under Rule 60(b)(1) or Rule 60(b)(6) or, alternatively, that it should receive equitable tolling.

No. 20-61190

We hold that the finding of the Occupational Safety and Health Review Commission (Commission) that notice was properly served was neither arbitrary nor capricious and deny DRTG's requested relief.

## I.

After receiving information about a worksite fatality, OSHA investigated DRTG, a construction company in Houston, Texas. At the inspection two DRTG employees, Israel Rodriguez and Humberto Guzman, provided OSHA DRTG's business address. This is also the home address of Jose Padron, DRTG's sole owner.

On September 13, 2019, OSHA issued a two-item citation and a notice of a proposed penalty of $10,608 to DRTG. OSHA mailed the citation to DRTG at the provided address by USPS certified mail. The mailing was deemed unclaimed by USPS after an unsuccessful delivery attempt was made on September 16, 2019. USPS left a standard delivery slip saying that the certified mailing would be held at the Post Office for pick-up; DRTG never retrieved the mailing. Upon learning that DRTG had not claimed the mailing, OSHA sent the citation by UPS Next Day Air on September 23, 2019. According to UPS tracking, the citation was successfully delivered to DRTG's doorstep on September 24, 2019.

DRTG had fifteen working days from receipt of the citation to file a notice of contest.[1] OSHA calculated the fifteen working days from the date of the UPS delivery, thus DRTG had until October 16, 2019 to file its notice of contest. DRTG did not file the notice of contest by this deadline and the citation became a final order of the Commission on October 16, 2019.[2] The

---

[1] 29 U.S.C. § 659(a).

[2] 29 U.S.C. § 659(a).

No. 20-61190

next day, an OSHA representative spoke with Padron regarding an abatement certification and other documentation required by the citation.[3]

OSHA also sends next of kin letters whenever an OSHA inspection relates to a workplace fatality. On October 1, 2019, OSHA sent a next of kin letter to Israel Rodriguez, a DRTG employee and the deceased employee's cousin. The letter included a copy of the citation. Rodriguez received this on October 18, 2019 and immediately forwarded it to DRTG's counsel.

On November 5, 2019, OSHA received DRTG's notice of contest. On November 6, 2019, OSHA responded that the notice of contest had not been timely filed. On February 11, 2020, DRTG filed a Motion for Relief from a Final Order Pursuant to Rule 60(b)(1) & (6). An Administrative Law Judge denied DRTG's motion, dismissed its untimely notice of contest, and affirmed the underlying citation. DRTG timely petitioned the Commission for discretionary review. The matter was not directed for review, and the ALJ decision became the final order of the Commission. DRTG now appeals the Commission's decision.

## II.

We review ALJ decisions that the Commission declines to review under the same standards as we review decisions of the Commission.[4] "This [C]ourt must accept findings of fact by the Commission as 'conclusive' if they are supported by 'substantial evidence on the record considered as a whole.'"[5] We "uphold factual findings if a reasonable person could have

---

[3] A second citation was issued over DRTG's failure to submit the abatement verification, however as DRTG timely contested this, it is not at issue here.

[4] *So. Hens, Inc. v. O.S.H.R.C.*, 930 F.3d 667, 674 (5th Cir. 2019).

[5] *Id.*, at 674 (quoting 29 U.S.C. § 660(a)).

No. 20-61190

found what the Commission found, even if the appellate court might have reached a different conclusion."[6]

We review the Commission's legal conclusions as to whether they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[7] Additionally, "the decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the [Commission] and will be reversed only for abuse of that discretion."[8] The Commission abuses its discretion when it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.[9]

## III.

When OSHA finds a worksite violation it must "notify the employer by certified mail" of the citation and proposed penalty; employers then have fifteen working days to contest a citation.[10] If the notice of contest is not postmarked in the fifteen days, the citation and any proposed penalty are "deemed a final order of the Commission and not subject to review by any court or agency."[11]

DRTG argues that OSHA did not properly serve it with the citation because it was delivered by UPS, not certified mail. OSHA argues that

---

[6] *Sanderson Farms, Inc. v. Perez*, 811 F.3d 730, 735 (5th Cir. 2016).

[7] 5 U.S.C. § 706(2)(A); *Sanderson Farms*, 811 F.3d at 735; *Trinity Marine Nashville, Inc. v. O.S.H.R.C.*, 275 F.3d 423, 427 (5th Cir. 2001).

[8] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Edwards v. City of Hous.*, 78 F.3d 983, 995 (5th Cir.1996) (en banc)).

[9] *Id*.

[10] 29 U.S.C. § 659(a).

[11] *Id*; 29 C.F.R. § 1903.17(a) ("Such notice of intention to contest shall be postmarked within 15 working days of the receipt by the employer of the notice of proposed penalty.").

alternative modes of delivery, such as UPS, may be used where certified mail has been used first and failed. The test for proper notice is "whether the service is reasonably calculated to provide an employer with knowledge of the citation and notification of proposed penalty and an opportunity to determine whether to abate or contest."[12] The government cannot "simply ignore" when delivery has failed and should "take[] additional reasonable steps to notify [the party], if practicable to do so."[13] OSHA need not take "heroic efforts" to ensure that the notice is delivered, nor is it required to substitute petitioner's proposed procedures for those in place.[14]

Consistent with precedent and with the OSHA Field Operations Manual,[15] after learning that DRTG had not responded to the USPS delivery notice, OSHA took the additional step of sending the citation by UPS Next Day Air. Because OSHA first sent the notice by USPS certified mail and then took steps that were reasonably calculated to provide DRTG with notice, OSHA properly served DRTG with notice of the citation.

DRTG further argues that proper service must conform to Federal Rule of Civil Procedure 4(h) and be effected through certified mail, hand delivery, or personal service.[16] However, Rule 4(h) service requirements only

---

[12] *B.J. Hughes, Inc.*, 7 BNA OSHC 1471, 1474 (No. 76-2165, 1979), 1979 WL 8462, at *3 & n.6; *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314–15 (1950) (Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.").

[13] *Jones v. Flowers*, 547 U.S. 220, 226, 234, 237 (2006).

[14] *Dusenberry v. United States*, 534 U.S. 161, 170–71 (2002).

[15] "[U]se of a mail delivery service other than the United States Postal Service, can be used in addition to certified mail if it is believed that these methods would effectively give the employer notice of the citation."

[16] FED. R. CIV. P. 4(h).

No. 20-61190

apply "unless federal law provides otherwise."[17] Because 29 U.S.C. 659(a) governs notification of OSHA citations, Rule 4(h) does not apply here.

## IV.

DRTG alternatively moved for relief from the late-filed notice of contest under Rule 60(b)(1) and Rule (60)(b)(6).

## A.

Rule 60(b)(1) provides relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect."[18] DRTG does not allege any "mistake, inadvertence [or] surprise," therefore we look only at excusable neglect. Whether a party is entitled to relief for excusable neglect is "at bottom an equitable [determination]."[19] We rely on the standard from *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd. P'ship* to analyze excusable neglect under Rule 60(b)(1).[20] Under *Pioneer*, we look to "the danger of prejudice, . . . the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[21] The party seeking relief bears the burden of showing that Rule 60(b) relief should be granted.[22]

---

[17] *Id.*

[18] FED. R. CIV. P. 60(B)(1).

[19] 507 U.S. 380, 395 (1993).

[20] *Id.*; *Coleman Hammons Constr. Co. Inc. v. O.S.H.R.C.*, 942 F.3d 279, 283 (5th Cir. 2019); *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998).

[21] *Pioneer*, 507 U.S. at 395; *Bennett v. GEO Grp., Inc.*, No. 12-60017, 2013 WL 5916765, at *3 (5th Cir. May 22, 2013).

[22] *Knapp v. Dow Corning Corp.*, 941 F.2d 1336, 1338 (5th Cir. 1991).

No. 20-61190

DRTG contends that the ALJ improperly relied solely on the reason for delay and that the *Pioneer* analysis cannot be "limited to whether a party's mistake caused the delay," rather, courts must "take into account all relevant circumstances surrounding a party's failure to file."[23]

The first *Pioneer* factor is the danger of prejudice to the nonmoving party, here, the Commission.[24] The notice of contest was fourteen working-days late; this did not prejudice the agency.[25]

The second factor is the length of delay. This Court found in *Coleman Hammons Constr. Co., Inc. v. O.S.H.R.C.* that where the other factors weighed for the employer, an eighteen working-day delay did not foreclose relief.[26] However, we emphasized there that the company responded to the citations "as soon as the project superintendent saw them."[27] Here, even if DRTG did not see the citation until October 18, 2021, it still waited more than two weeks to file the notice of contest and made no effort to contact OSHA in the interim. This factor favors OSHA.

The third factor is whether DRTG acted in good faith. DRTG did not respond promptly once it learned of the citation.[28] DRTG provided a single address, which it knew could be unoccupied. And unlike in *Coleman*, DRTG had no system in place to receive, open, and respond to mail such that the missed citation was only "attributable to a single instance of unforeseen

---

[23] *Coleman*, 942 F.3d at 283–84.

[24] *Pioneer*, 507 U.S. at 395.

[25] *Coleman*, 942 F.3d at 285–86.

[26] *Id*. at 284–85.

[27] *Id*. at 284.

[28] *Id.*

No. 20-61190

human error."[29] That DRTG acted in good faith is unsupported; this factor weighs in OSHA's favor.

The fourth factor is "the reason for the delay, including whether it was in the reasonable control of the movant."[30] The reason for the delay was DRTG's failure to institute a mail process that enabled it to receive USPS certified mail or a UPS delivery in a timely manner. DRTG misreads *Coleman* to argue that notwithstanding its role in the delay, it should still receive relief under Rule 60(b)(1). However, in *Coleman* there was a standard operating procedure for mail and missed mail was not common.[31] Rule 60(b)(1) relief is not warranted because DRTG did not "maintain orderly procedures for handling important documents."[32]

In short, considering all the *Pioneer* factors, it was not an abuse of discretion for the Commission to deny DRTG relief under Rule 60(b)(1).

## B.

DRTG also requests relief under Rule 60(b)(6). The categories of relief under Rule 60 "are mutually exclusive from one another, meaning that an action cannot be brought through the catch-all provision of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections."[33] Where the claim "falls squarely within the mistake or

---

[29] *Coleman*, 942 F.3d at 284.

[30] *Pioneer*, 507 U.S. at 395.

[31] *Coleman*, 942 F.3d at 281.

[32] *Evergreen Envt. Servs.*, 26 BNA OSHC 1982 (No. 16-1295, 2017), 2017 WL 6806225, at *7 (Employers must "maintain orderly procedures for handling important documents, and when the lack of such procedures results in the untimely filing of a notice of contest, Rule 60(b) relief is not warranted.").

[33] *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (internal quotation omitted).

No. 20-61190

inadvertence prong of Rule 60(b)(1)" it cannot be alternatively brought under Rule 60(b)(6).[34] DRTG argues that because the delay was beyond its control, Rule 60(b)(6) applies. This is the same argument undergirding the relief DRTG sought under Rule 60(b)(1). As DRTG has not alleged a separate basis for relief under Rule 60(b)(6), we affirm the Commission's denial of relief under Rule 60(b)(6).

## V.

DRTG's final claim is that the fifteen-day filing period for its notice of contest should be equitably tolled. DRTG's sole argument for equitable tolling is that OSHA failed to follow proper procedures in serving the citation. As OSHA followed proper procedures, we decline to equitably toll the fifteen-day filing period.[35]

## VI.

The Secretary properly served DRTG with notice of the citation. We AFFIRM the Commission's denial of DRTG's motion for relief under Rule 60(b)(1) and Rule 60(b)(6), and for equitable tolling.

---

[34] *Id.* at 319–20 (internal quotation omitted); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005).

[35] *Cf. Atl. Marine, Inc. v. O.S.H.R.C.*, 524 F.2d 476, 478 (5th Cir. 1975) (remanding case where there was no evidentiary hearing on if the Secretary had failed to follow proper procedures); *see also Earth Developers, Inc.*, 27 BNA OSHC 1030 (No. 17-1120, 2017), 2017 WL 8220399 at *4 ("When an employer files a late notice of contest, relief is only granted in cases where (1) the delay in filing was caused by the Secretary's deception or failure to follow proper procedures or (2) party's late filing was due to 'mistake, inadvertence, surprise, or excusable neglect.'").

James C. Ho, *Circuit Judge*, concurring in the judgment:

When the Occupational Safety and Health Administration determines that an employer has committed a workplace safety violation, it must notify the employer of the citation and proposed penalty "by certified mail." 29 U.S.C. § 659(a). Upon receiving that notice, the employer has fifteen days to object—or else the citation is deemed a final order and is not subject to review by any court or agency. *Id.*

So it's undisputed that Congress chose to start the 15-day clock on the delivery of certified mail. Accordingly, I would start the 15-day clock on the delivery of certified mail—not UPS Next Day Air. Delivery by UPS Next Day Air no doubt meets the requirements of due process. But it's not what the statute requires.

I nevertheless concur in the judgment. I do so for one simple reason: The U.S. Postal Service left a notice of attempted delivery of certified mail at DRTG's business address. And that should be enough to comply with the statutory requirement of notice by certified mail.

In other statutory contexts, certified mail is considered received—and filing clocks triggered—upon notice of attempted delivery at the intended recipient's address. *See*, *e.g.*, *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 558 (6th Cir. 2000) (Title VII plaintiff "received" right-to-sue notification "on . . . the day that the letter carrier deposited the first of two official notifications at the plaintiff's last known official address which advised that a certified letter awaited her at the nearby postal station"); *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 41–42 (4th Cir. 1993) ("[Title VII] limitations period is triggered when the Postal Service delivers notice to a plaintiff that the right-to-sue letter is available for pickup, and not when the letter is actually picked up"); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 741 (S.D. Tex. 2003) (same); *Lee v.*

No. 20-61190

*Henderson*, 75 F. Supp. 2d 591, 594 (E.D. Tex. 1999) (same); *Middleton v. Gould*, 952 F. Supp. 435, 440 (S.D. Tex. 1996) (same).

DRTG offers no good reason why we should not apply these same principles here.  Accordingly, I concur in the judgment.